```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 12-198

LONDON CARTER                               SECTION: R
```

**ORDER AND REASONS**

Defendant London Carter moves the Court to reconsider its previous denial of his motion to sever his trial from that of his codefendant Walter Porter. Because the Court finds that Carter has failed to show that a joint trial would compromise a specific trial right, the Court DENIES Carter's re-urged motion for severance.

**I. Background**

On February 6, 2014, the grand jury returned the Third Superseding Indictment, which names three defendants and includes six charges.[1] Count I charges Walter Porter, Robert Taylor, and London Carter with conspiracy to commit armed bank robbery. It details two bank robberies--one committed on July 6, 2011 and one August 26, 2011--as overt acts committed in furtherance of the conspiracy. Count II charges Porter and Taylor with commission of the July 6, 2011 robbery, and Count III charges the two with use of

---

[1] R. Doc. 227.

a firearm during the commission of that robbery.[2] Count IV charges Porter and Carter with commission of the August 26, 2011 robbery, and Count V charges them with use of a firearm during the commission of that robbery.  Count VI charges Porter with conspiracy to commit money laundering.

On November 20, 2013, Carter joined his co-defendants' motion to sever their cases from that of Walter Porter, arguing that evidence against Porter would "spill over" into their cases causing undue prejudice.[3]  The Court denied the motion to sever on December 18, 2013.[4]  Carter now moves the Court to reconsider that decision, and sever Carter's case from that of Porter.  Carter does not re-urge the "spill over" argument, but instead contends that a severance is warranted because (1) there have been multiple continuances of trial since the instigation of charges against him, (2) his codefendant Porter has been unavailable for trial for an extended period of time, and (3) he wants his day in Court.[5]

---

[2] Taylor has pleaded to the counts against him, leaving only Porter and Carter as defendants in this case.  R. Doc. 318.

[3] R. Doc. 196.

[4] R. Doc. 204.

[5] R. Doc. 403 at 2-3.

2

**II.  Standard**

"Motions to reconsider in criminal cases are judicial creations not derived from any statute or rule." *United States v. Salinas*, 665 F. Supp. 2d 717, 720 (W.D. Tex. 2009) (citing *United States v. Brewer*, 60 F.3d 1142, 1143-44 (5th Cir. 1995)).  Although the Federal Rules of Criminal Procedure do not explicitly authorize motions for reconsideration, district courts possess continuing jurisdiction over criminal cases and are free to reconsider their earlier decisions.  *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975).  Nevertheless, motions for reconsideration "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  *United States v. Banks*, No. 1:08-cr-113, 2009 WL 585506, at *1 (E.D. Tex. Mar. 6, 2009) (citations and internal quotations omitted). Accordingly, "[t]here is a high burden of proof on the party seeking reconsideration in order to discourage litigants from making repetitive arguments on issues already considered."  *Salinas*, 665 F. Supp. 2d at 720 (internal quotations omitted).

**III. Discussion**

Rule 14 provides that a court may order the severance of defendants' trials "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government[.]"  Fed. R. Crim. P.

14(a). But Rule 14 does not require severance even if prejudice is shown. Rather, "it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). In exercising that discretion, the district court is to "balance the right of a defendant to a fair trial against the interests of judicial economy." *United States v. Zicree*, 605 F.2d 1381, 1388 (5th Cir. 1979).

When the Government indicts defendants together, there is a preference for joint trials of the defendants. *Zafiro*, 506 U.S. at 537. Courts have generally held that when defendants are indicted together, they should be tried together. *United States v. McCord*, 33 F.3d 1434, 1452 (5th Cir. 1994). This is especially true when the defendants are charged with the same conspiracy. *See id.* The Supreme Court has directed a district court to sever charges "only if there is a risk that a joint trial would compromise a specific right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. The defendant carries the "heavy burden" of showing "specific and compelling prejudice." *United States v. Mitchell*, 31 F.3d 271, 276 (5th Cir. 1994).

In his motion for reconsideration, Carter does not identify any manifest errors of law or fact in the Court's initial decision

denying his motion for severance. Instead, Carter offers a new theory as to why severance is warranted:

> [C]o-defendant Porter's continued and extended unavailability for trial, as well as the numerous and repeated continuances of the trial in this matter are sufficient grounds for a severance, since under those circumstances London Carter is prejudiced by not being able to move forward and have his day in court.[6]

Although Carter does not cite any case law or indicate what specific right a joint trial would compromise, the Court construes Carter's argument as an appeal to his rights under the Speedy Trial Act and the Sixth Amendment. *See United States v. Frye*, 489 F.3d 201, 211 (5th Cir. 2007) (the assertion of the speedy trial right generally takes the form of either an objection to a continuance or a motion asking to go to trial).

    A.   Speedy Trial Act

The Speedy Trial Act requires that a court conduct a defendant's trial within seventy days of the indictment or when the defendant first appears before the court, whichever is later. 18 U.S.C. § 3161. Certain actions, however, toll the seventy-day clock. *United States v. Parker*, 505 F.3d 323, 326 (5th Cir. 2007). For example, Section 3161(h)(6) provides for the exclusion of a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

---

[6] R. Doc. 403-1 at 2.

This means that "the excludable delay for one codefendant may be attributable to all codefendants." *United States v. Stephens*, 489 F.3d 647, 654 (5th Cir. 2007). Attribution of the excludable delay from one codefendant to another is not automatic; rather, the period of delay must be reasonable. *Id.* The reasonableness of the delay can be measured in reference to either (1) "the totality of the circumstances prior to trial," or (2) "the actual prejudice suffered" by the defendant as a result of the delay. *United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998). "In examining the totality of the circumstances of the case, [the] inquiry focuses on the necessity of the delay, giving proper consideration to the purpose behind [§ 3161(h)(6)]--accommodating the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *United States v. Bieganowski*, 313 F.3d 264, 283 (5th Cir. 2002) (quoting *Franklin*, 148 F.3d at 457). "With respect to the prejudice analysis, relevant considerations include whether the delay impaired the appellant's ability to defend himself or resulted in excessive pretrial incarceration." *Franklin*, 148 F.3d at 457.

Here, the Court finds that Carter's rights under the Speedy Trial Act will not be compromised by trying Carter and Porter together. As an initial matter, the Court finds that the totality of the pretrial circumstances in this case allow the Court to reasonably attribute the pretrial delay to Carter. *See Franklin*,

148 F.2d at 457. In his motion, Carter complains that "trial has been continued numerous times,"[7] but omits that he has either moved the Court for these continuances or joined his codefendants' motions to continue.[8] *See United States v. Jackson*, CR. A. No. 12-1, 2014 WL 121976, at *5 (E.D. La. Jan. 13, 2014) (denying motion to sever on speedy trial grounds because defendant "joined two motions to continue the pretrial conference and trial dates"). Moreover, while much of the delay in this case is attributable to Porter's pretrial motion practice,[9] the resolution of these motions, which the Court expects to accomplish in the near future, is a prerequisite to proceeding in this matter.[10] The Court also notes that, given the nature of Porter's pretrial motions, the delay in resolving the motions is both necessary and unavoidable. *See Franklin*, 148 F.3d at 457 n.20 ("For example, a period of delay is reasonable under [§ 3161(h)(6)] if it appears necessary in order for the trial court to dispose of the underlying motions . . . .") (internal quotation and citation omitted). Thus, given the

---

[7] R. Doc. 403 at 3.

[8] *See* R. Doc. 85 (motion to continue filed by Carter), R. Doc. 179 (no objection to continuance); R. Doc. 213 (same); R. Doc. 244 (same); R. Doc. 266 (joined motion to continue); R. Doc. 288 (same); R. Doc. 353 (same).

[9] *See* R. Doc. 271 (under seal).

[10] All of the motions precipitating the delay in this case that are uniquely attributable to Porter have been filed under seal.

purpose behind Section 3161(h)(6)--accommodating the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial--the Court finds that the delays associated with Porter's pretrial motions practice is reasonably attributable to Carter.  *See id.* at 457 (noting that the "utility of a joint trial is particularly compelling" when defendants are charged in a single conspiracy).

The Court also finds that Carter has failed to show actual prejudice as a result of the delays caused by Porter's pretrial motion practice.  As discussed above, Carter's complaints regarding the continuances in this matter, and the resulting pretrial detention, ring hollow in light of his agreement to all of his codefendants' motions to continue until now.[11]  Moreover, Carter's conclusory claim that he "is prejudiced by not being able to move forward and have his day in court" falls well short of the requisite showing of actual prejudice.  *See Jackson*, 2014 WL 121976, at *5 n.5 (denying motion to sever on speedy trial right grounds where "Jackson fails to show actual prejudice").

For the foregoing reasons, the Court finds that Carter has failed to show that a joint trial in this matter will compromise his rights under the Speedy Trial Act.

---

[11] *See supra* note 8.

B.   Sixth Amendment Right to a Speedy Trial

To the extent Carter bases his motion to sever on his Sixth Amendment right to a speedy trial,[12] the Court finds that a joint trial in this matter will not conflict with Carter's rights under the Sixth Amendment.

In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court set forth four factors to consider in analyzing Sixth Amendment speedy trial claims: "(1) the length of the delay, (2) the reason for [the delay], (3) the defendant's diligence in asserting his Sixth Amendment right, and (4) prejudice to the defendant resulting from the delay." *United States v. Hernandez*, 457 F.3d 416, 420 (5th Cir. 2006). In undertaking a "full *Barker* analysis," courts "initially look to the first three factors . . . in order to determine whether prejudice will be presumed or whether actual prejudice must be shown." *Id.* "Prejudice may be presumed where the first three factors weigh heavily in the defendant's favor." *Id.* However, if the first three factors do not weigh heavily in the defendant's favor, "then the defendant bears the burden of both establishing actual prejudice and demonstrating the such prejudice

---

[12] The Court expresses its doubt that Carter has properly asserted his Sixth Amendment speedy trial right. *See Parker*, 505 F.3d at 330 (distinguishing Parker's "first affirmative indication that he wanted to proceed to trial" from the first time "he affirmatively asserted his right to a speedy trial"). Nevertheless, the Court, out of an abundance of caution, and even though Carter fails to brief the issue, addresses any Sixth Amendment speedy trial right Carter may be raising.

9

is sufficient to outweigh the other three factors." *Frye*, 489 F.3d at 209. Further, it will "be the unusual case . . . where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth Amendment has been violated." *Bieganowski*, 313 F.3d at 284.

The Supreme Court has described the length-of-delay factor as a "triggering mechanism." *Barker*, 407 U.S. at 530. A defendant must "allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay," and the court must then consider "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). In the Fifth Circuit, prejudice is presumed "only in cases in which the post-indictment delay lasted at least five years." *United States v. Serna-Villarreal*, 352 F.3d 225, 232 (5th Cir. 2003). A one-year delay, however, is generally sufficient to warrant a full analysis of the *Barker* factors. *Id.* at 230.

Here, Carter made his initial appearance approximately two-years ago, on May 13, 2013.[13] Because this interval is longer than one year, the Court will engage in a full *Barker* analysis; two years, however, is insufficient to prompt a presumption of

---

[13] R. Doc. 67.

prejudice, and the delay does not weigh heavily in Carter's favor. *See Serna-Villarreal*, 352 F.3d at 230-32.

The second and third *Barker* factors--the reason for the delay and the defendant's diligence in asserting his Sixth Amendment right--weigh against Carter. As detailed above, Carter either moved for a continuance or joined in a codefendants' motion to continue every time trial has been continued in this matter.[14] Under such circumstances, it can hardly be said that Carter has diligently asserted his speedy trial rights. *Frye*, 489 F.3d at 212 (holding that Frye had not diligently asserted his speedy trial rights where he repeatedly moved for continuances). Apart from Carter's role in seeking the continuances in this matter, the reason for the delay--Porter's current unavailability to stand trial--also weighs heavily against Carter. *Frye*, 489 F.3d at 210 ("Valid reasons, such as tracking down a missing witness, will actually justify the delay and will not be weighed against the government."). This is especially true because Carter and Porter were indicted together and are charged with a single conspiracy. *See Franklin*, 148 F.3d at 457.

Finally, as discussed above, Carter has failed to make the requisite showing of prejudice. Because none of the three factors, either separately or in the aggregate, weighs in Carter's favor, Carter is not entitled to a presumption of prejudice. *See Frye*,

---

[14] *Supra* note 8.

489 F.3d at 212. As a result, to demonstrate that failure to sever his case would result in a violation of his Sixth Amendment speedy trial rights, Carter must establish actual prejudice and demonstrate that the prejudice sufficiently outweighs the other factors. *Parker*, 505 F.3d at 328. Carter's general and conclusory assertion that he is prejudiced "by not being able to move forward and have his day in court" is insufficient to overcome the other factors that weigh against him. *Frye*, 489 F.3d at 213 ("Frye's argument that he suffered oppressive pretrial incarceration is conclusory and not supported by evidence specifying harm."). Accordingly, the Court finds that Carter has failed to show that the delays associated with the joint trial in this matter violate his Sixth Amendment right to a speedy trial.

**IV. Conclusion**

For the foregoing reasons, the Court finds that Carter has failed to demonstrate any specific or discrete risk to a trial right should he be tried jointly with codefendant Porter. Accordingly, Carter's motion to reconsider is DENIED.

New Orleans, Louisiana, this 27th day of April, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE